NIEVA, PLAINTIFF AND APPELLANT, *v.* GUÁNICA CENTRALE, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Ponce in an Action for Performance of Contract.

No. 1940.—Decided June 27, 1919.

RIGHT OF WAY—LEASE—CONTRACT.—The plaintiff, who was the sublessee of a property for a certain period of time with an option for extension, granted

a right of way on that property to the defendant for the period of the duration of the lease and sublease in consideration of certain concessions from the defendant. The lease and sublease, with their extensions, having expired, they were extended for five years more by a deed, and then the defendant, who in the meantime had acquired from the owner of the property a new right of way, though continuing to make use of the right of way, refused further to grant to the plaintiff the concessions stipulated for in the contract for the right of way between them. *Held:* That the extension of the lease and sublease by a deed cannot be considered as a continuation of the original contract, but as a new contract which the parties to this suit could not have had in mind when they executed the contract of right of way; therefore the plaintiff cannot maintain an action for the performance of the original contract of right of way.

The facts are stated in the opinion.

Mr. *José Sabater* for the appellant.

Mr. *José Tous Soto* for the appellee.

Mr. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an action to enforce the performance of a certain obligation of the defendant, Guánica Centrale, in favor of the plaintiff, Pedro Nieva Mangual, undertaken in consideration of a certain right of way granted by the plaintiff to the defendant over properties held by the plaintiff as lessee or sublessee.

The complaint was filed in the District Court of Ponce on January 9, 1917, and the action was dismissed by a judgment of July 31, 1918, from which the plaintiff appealed to this court.

The contract entered into between the plaintiff and the defendant was set out in a private instrument which is copied into the complaint and reads as follows:

"Añasco, Porto Rico, July 19, 1912.—Be it known by this instrument that Pedro Nieva gives and grants to the Guánica Centrale a right of way twenty-five (25) feet wide along the line now surveyed by the Guánica Centrale for the entire duration of the contract of lease or sublease which the said Nieva has to the lands of Enrique Green, of Mayagüez, or of other persons, in order that the Guánica Centrale may construct and maintain a one-meter railroad track on the said lands of which the said Nieva is in possession, and he also

gives and grants to the said corporation the use of sufficient land upon which to construct and maintain a side-track for loading on the said property. In consideration of this privilege granted by Nieva to the Guánica Centrale of constructing and maintaining the said railroad track and siding for loading, the Guánica Centrale agrees to permit the said Nieva to load the sugar-cane which he has on the said property at the loading station for the entire period of the duration of the contract of lease or sublease which Nieva now has to the properties referred to in this contract.''

The lands referred to in the instrument transcribed are two parcels of land of a total area of 100 acres situated in the ward of Marías of the municipality of Añasco, and the properties are described in the complaint.

When the contract was entered into the said lands had been leased to the Mayagüez Sugar Company, Inc., by a deed of August 24, 1909, executed by Emilio D. Huete as attorney in fact of Agustina Christy Mangual, who was the owner of the properties at that time, for a term of three years and a half to expire on March 31, 1913, the lessee corporation having an option to extend the lease for three years from the said date.

Later, by a deed of September 4 of the same year, the lessee corporation, the Mayagüez Sugar Company, subleased the same lands to the plaintiff under the same conditions and for the same term with a like option for extension to which the said deed of August 24, 1909, refers.

By another public deed of August 4, 1915, Enrique Green, who had acquired the ownership of the said properties from Agustina Christy y Mangual by a deed of December 27, 1911, acknowledging that the Mayagüez Sugar Company had made use of its right to extend the lease under the option in the deed of August 24, 1909, granted to the Mayagüez Sugar Company a new extension of the lease for a period of five years from March 31, 1916, on which the former extension would expire, to March 31, 1921.

By another deed of January 5, 1917, the Mayagüez Sugar

Company subleased to the plaintiff, Pedro Nieva Mangual, the same properties which had been leased to it by the deed of August 4, 1915, under the same conditions contained in the said deed, or for a period of five years from March 31, 1916, on which the contract of sublease existing between the Mayagüez Sugar Company and the plaintiff Nieva upon the same properties expired, to March 31, 1921, the conditions of the sublease being expressly set out in the said deed of January 5, 1917.

By a former deed of December 14, 1912, the said Green had granted to the corporation Bernal Estates and its successors the right to establish and maintain until August 1, 1930, a permanent track one meter in width and approximately 825 feet long, the strip of land on which the same was to be constructed to have, if necessary, a width of 25 feet, which track would cross, among other lands, the two parcels owned by Green.

The defendant corporation surveyed the line and constructed the railroad on the lands subleased to the plaintiff under the contract of July 19, 1912, as well as the siding for loading to which the same refers, loading sugar-cane, operating and crossing the said lands with the said railroad, the plaintiff on his part having loaded the sugar-cane which he had growing on the same lands during the crops of 1912, 1913, 1914, 1915 and 1916, but after the crop of 1916 the plaintiff was refused to be allowed to make use of the loading station for the transportation of his sugar-cane.

The plaintiff alleges that the right to load his sugar-cane at the defendant's loading station is derived from the contract entered into between the parties in the private instrument of July 19, 1912, and that that right had been recognized for the entire duration of the contract of lease or sublease of the two tracts of land belonging to Enrique Green, the term of which was three years and a half with an extension for three years more of which he availed himself and which expired March 31, 1916, a new extension having then been

granted him later for a period of five years more to run from March 31, 1916, to March 31, 1921.

The defendant maintains, on the contrary, that the right claimed by the plaintiff was extinguished on March 31, 1916, upon the expiration of the contract of lease and its extension made in the private instrument of July 19, 1912, the right of way which it now has being derived not from the said private instrument, but from the public deed of December 14, 1912, whereby Enrique Green, the owner of the lands leased to the plaintiff, granted the right of way for a railroad track to the Bernal Estates for a term to expire on August 1, 1930, that corporation having assigned to the defendant the right to use the said track since April 1st, 1916, which grant was in force at the time the complaint was filed.

As will be seen, the only question of law to be considered in this appeal is whether the right recognized in the plaintiff to load his sugar-cane at the defendant's loading station became extinguished on March 31, 1916, upon the expiration of the extension of the contract of lease entered into by the public deed of August 24, 1909, or whether that right was extended to March 31, 1921, by virtue of the lease of the said lands to the Mayagüez Sugar Company for five years more under the deed of August 4, 1915.

The mutual rights recognized by Pedro Nieva Mangual and the Guánica Centrale in the private instrument of July 19, 1912, were to be within the period of the duration of the lease or sublease which Nieva then had to the properties of Enrique Green or of other persons. That lease or sublease of Nieva to the lands in question was set out in the deed of September 4, 1909, whereby the Mayagüez Sugar Company subleased to Nieva the lands which had been leased to it for the term of three years and a half with an extension of three years more to expire on March 31, 1916. Nieva was the sublessee of Green and therefor his rights expired upon

the termination of the right of the sublessee, the Mayagüez Sugar Company, or on March 31, 1916.

It is true that by the deed of August 4, 1915, Enrique Green granted to the Mayagüez Sugar Company a new extension of the original contract of lease for a period of five years from March 31, 1916, and that the Mayagüez Sugar Company, by another deed of January 5, 1917, subleased the lands to Nieva for a like period of time; but that new sublease from the Mayagüez Sugar Company to Pedro Nieva could in no manner affect the contract under the private instrument of July 19, 1912, between different persons, *i. e.*, between Pedro Nieva and the Guánica Centrale.

Section 1250 of the Civil Code lays down the following rule for the interpretation of contracts:

"Sec. 1250.—However general the terms of the contract may be, there should not be understood as included therein things and cases different from those with regard to which the persons interested intended to contract."

Under that rule it cannot be held that the Guánica Centrale entered into the obligation with Nieva not only for the term of the sublease which, with the stipulated extension, expired on March 31, 1916, but also for any other period which the lessor and lessee and the sublessor and sublessee might agree upon. On July 19, 1912, the Guánica Centrale could not foresee that on August 4, 1915, Green would extend for five years more the contract of lease entered into on August 24, 1909, between Agustina Christy Mangual and the Mayagüez Sugar Company after Green had become the owner of the lands by the deed of December 27, 1911, nor could the defendant foresee that the Mayagüez Sugar Company would sublease the same lands to Nieva by the deed of January 5, 1917, for an equal term of five years to expire on January 31, 1921.

It is true that the Guánica Centrale continued to use the track after March 31, 1916, but it did not do so by virtue of

the private contract of July 19, 1912, which had already expired, but by virtue of the assignment to it by the Bernal Estates in whose favor Green had granted a right of way for the track over the same lands by a deed of December 14, 1912.

The fact that on July 19, 1912, Nieva, as sublessee of the Mayagüez Sugar Company, had granted to the Guánica Centrale a right of way over the lands which he held as sublessee for a term to expire on March 31, 1916, did not prevent Green, as owner of the same lands, from granting a similar right to the Bernal Estates by the deed of December 14, 1912. At most there could result a conflict of rights between the Guánica Centrale and the Bernal Estates until March 31, 1916, when the right of way granted to the Guánica Centrale by Nieva expired, but until that date no conflict arose and thereafter, i. e., after March 31, 1916, the Bernal Estates assigned to the Guánica Centrale the use of the right of way. It is not important that the deed creating the right of way was not recorded in the registry of property, for as the contract of lease to the Mayagüez Sugar Company and the contract of sublease by the latter to Pedro Nieva were not recorded, Nieva cannot claim the right of a third person in order to attack the right of way granted to the Bernal Estates.

Section 603 of the Civil Code provides that "when one person has the direct dominion of any property and another has the beneficial dominion, no perpetual voluntary servitudes can be established thereon without the consent of both owners" and is cited by the appellant against the right of way in favor of the Bernal Estates; but it is not applicable to this case wherein the direct dominion of one person and the beneficial dominion of another is not involved, but only a personal right of lease or sublease, and the servitude in question is not perpetual, but temporary. Besides, when in 1915 Green leased from the Mayagüez Sugar Company, the right of way had been already granted to the Bernal Estates on December 14, 1912.

Hence, we are of the opinion that the stipulations of the private contract of July 19, 1912, could be effective only until March 31, 1916, when Nieva's contract of lease or sublease to the said lands expired, and that although the Mayagüez Sugar Company, by a deed of January 5, 1917, subleased to Nieva the lands which had been leased to it by the deed of August 4, 1915, that new contract cannot be considered as a continuation of the original contract of sublease of which plaintiff may avail himself in order to claim that the private contract of July 19, 1912, was to expire on March 31, 1921, instead of on March 31, 1916.

At the trial several exceptions were taken by the appellant and we shall now consider them.

When the trial was in progress an amendment was allowed to the defendant's answer to the effect that "it had used the track only until June 30, 1917, and not thereafter," while it had before admitted that it continued to use the track by virtue of an assignment from the Bernal Estates to which Green had granted a right of way. This amendment did not prejudice the plaintiff, inasmuch as the court, in allowing the amendment, expressly gave the plaintiff every opportunity to produce any available evidence against the said allegation, apart from the fact that even if the plaintiff had proved that the Guánica Centrale made use of the right of way after the said date, that fact would in no manner change the terms of the issue.

The plaintiff moved to strike from the defendant's answer the denials of the plaintiff's allegations for lack of information or belief sufficient to enable it to answer. This form of pleading is authorized by subdivision 2 of section 110 of the Code of Civil Procedure and therefore the motion to strike out was properly overruled. The plaintiff also moved to strike out the defendant's allegation that it was using the right of way by virtue of the grant made by Green to the Bernal Estates and its assignment by the latter to the Guánica Centrale. This was a good defense and fell under the

provision of section 114 of the Code of Civil Procedure which permits the defendant to set forth by answer as many defenses and counter-claims as he may have. Other exceptions were taken by the plaintiff to the admission of some of the defendant's evidence, but we deem it unnecessary to consider them because some parts of that evidence are related to allegations of the defendant which were not stricken out and are therefore pertinent, and other parts have not prejudiced the rights of the plaintiff.

The judgment must be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.